**Alvin REA, Gordon Keepers, Robert Reynolds, Barbara Weightman, Plaintiffs,**

**and**

**Barbara Van Den Arend, Plaintiff–Appellant,**

**v.**

**MARTIN MARIETTA CORPORATION, Defendant–Appellee.**

**No. 93–1101.**

United States Court of Appeals, Tenth Circuit.

June 20, 1994.

Todd J. McNamara of Robinson, Waters, O'Dorisio and Rapson, P.C., Denver, CO, for plaintiff-appellant.

John R. Webb (Troy Andrew Eid with him on the brief), of Holme Roberts & Owen LLC, Denver, CO, for defendant-appellee.

Before WHITE, Associate Justice (Ret.),[*] ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff Barbara Van Den Arend appeals the district court's entry of summary judgment in favor of Defendant Martin Marietta Corporation on her age discrimination claim, Age Discrimination Employment Act, 29 U.S.C. §§ 621–34 ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff was employed by Defendant from 1975 until she was laid off on January 18, 1991. From 1975 to 1984, Plaintiff served as an executive secretary at Defendant's Bethesda, Maryland headquarters and repeatedly received favorable reviews. In 1984, Plaintiff transferred to Defendant's Denver, Colorado facility. Defendant promoted Plaintiff to a Labor Grade 41 at this time. Plaintiff worked in the area of property management until 1989, then transferred to the Material Nonconformance area. In early 1990, Plaintiff assumed an assignment as an associate analyst in Defendant's Material Control, Department 983X ("Dept. 983X").

In evaluating the performance of its employees, Defendant utilized annual Perfor-

---

[*] The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sit-

ting by designation, pursuant to 28 U.S.C. § 294(a).

mance Appraisal Reviews ("PARs"). On both her 1989 and 1990 PARs, Plaintiff received a rating of "expected," the middle category on a five-category rating scale. In 1984, Plaintiff received her first and only commendation and her last promotion.

Beginning in 1988, Defendant engaged in massive cutbacks of personnel due to a sharp decrease in space exploration contracts with the federal government. On January 18, 1991, as part of this reduction in force, nine of the thirty-six Dept. 983X employees, including Plaintiff, were laid off.[1] All of the employees who were laid off were over the age of forty. Of the remaining twenty-seven employees, six were forty years of age or older.

After consulting with three of Plaintiff's immediate supervisors, Celia Spinner selected Plaintiff for layoff. The manager of Dept. 983X, Ken France, approved the decision. Spinner testified that Plaintiff was selected for layoff based on Plaintiff's performance as reflected in her recent PARs, and Plaintiff's 1990 "ranking." This 1990 ranking was the result of a system utilized by Defendant to rank employees within their respective work groups. The rankings reflected the department supervisor's determination of the value of an employee's contributions to the company, relative to the employee's peers. In the event of a reduction in force, Defendant's layoff policy directed management to take into account an employee's departmental ranking.[2] Plaintiff ranked last in the 1990 Dept. 983X ranking of Labor Grade 41s.

On June 19, 1991, Plaintiff, together with four other plaintiffs, sued Defendant for age discrimination pursuant to the ADEA. On July 22, 1991, Defendant moved for summary judgment against Plaintiff and Robert Reyn-

olds.[3] After conducting a hearing, the district court granted Defendant's motion. Plaintiff appeals.

 We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 796 (10th Cir.1993). "[W]e examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). When reviewing the record for genuine issues of material fact, we construe the pleadings and documentary evidence in favor of the party opposing the motion. *Id.* However, to survive summary judgment, the nonmoving party cannot rest on its pleadings and must "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 In a reduction of force case, a plaintiff demonstrates a prima facie case of age discrimination by showing (1) she was within the protected age group; (2) she was adversely affected by the employment decision; (3) she was qualified for the position at issue; and (4) she was treated less favorably than younger employees during the reduction in force. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771 (10th Cir.1988). After the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). "The [defendant] need not persuade the

---

1. An additional employee elected early retirement.

2. Defendant's policy manual provided in pertinent part:

 In making surplus determinations, those within the lowest value rating category on the bottom of the ranking list are to be given initial consideration. In cases where positions on the ranking list are relatively close within the value rating category, considerations should be given to length of service. If different skill specialties exist on the same ranking list, per-

sonnel should be compared in line with their specialty. Care should be taken to assure that the individual's total capability is considered and not just immediate performance on the current assignment.

 Martin Marietta Astronautics Group, Human Resources Communication Document 3.2, Reduction in Force Guideline ¶ II.B(5) (rev. June 1988).

3. The remaining three plaintiffs subsequently settled their claims against Defendant.

court that it was actually motivated by the proffered reasons, but satisfies its burden merely by raising a genuine issue of fact as to whether it discriminated against the plaintiff." *Faulkner v. Super Valu Stores, Inc.,* 3 F.3d 1419, 1425 (10th Cir.1993) (internal quotations omitted). Once the defendant meets its burden of production by offering a legitimate rationale in support of its employment decision, the burden shifts back again to the plaintiff to show that the defendant's proffered reasons were a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. at 1825–26. This burden merges with the plaintiff's ultimate burden of persuading the court that she has been the victim of intentional discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

For purposes of its summary judgment motion, Defendant conceded that Plaintiff established a prima facie case of age discrimination. In response, Defendant advanced the following two legitimate nondiscriminatory justifications for Plaintiff's layoff: (1) economic conditions within the aerospace industry dictated mass layoffs,[4] and (2) lay-off decisions were based on departmental rankings and Plaintiff was ranked at the bottom of her labor grade. Defendant having advanced these legitimate justifications, the only remaining issue in this case is whether Plaintiff has presented specific facts significantly probative to support an inference that Defendant's proffered justifications were a pretext for discrimination. *See Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 530 (10th Cir.1994); *see also Drake v. City of Fort Collins,* 927 F.2d 1156, 1160 (10th Cir. 1991) (in summary judgment setting, plaintiff must raise a genuine fact question as to whether defendant's reasons are pretextual).

A plaintiff demonstrates pretext by showing either "that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. The plaintiff need not prove the defendant's reasons were false, *Faulkner,* 3 F.3d at 1425, or "that age was

the sole motivating factor in the employment decision," *EEOC v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1170 (10th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). Rather, the plaintiff must show that age actually played a role in the defendant's decisionmaking process and had a determinative influence on the outcome. *Hazen Paper Co. v. Biggins,* —— U.S. ——, ——, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993). In resisting summary judgment, the plaintiff "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for [her termination] were in fact a cover-up for a [ ] discriminatory decision." *McDonnell Douglas,* 411 U.S. at 805, 93 S.Ct. at 1826. In evaluating the plaintiff's evidence, we must determine whether the evidence interpreted in the light most favorable to the plaintiff could persuade a reasonable jury that the employer had discriminated against the plaintiff. *Hooks,* 997 F.2d at 798. "If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate." *Hooks,* 997 F.2d at 798.

Plaintiff has presented no direct evidence of discriminatory intent relating to her layoff, but offers evidence, the totality of which, she claims creates an inference that Defendant's proffered justifications for selecting her for layoff were a pretext for discrimination. Plaintiff's evidence includes: (1) she had always performed her work satisfactorily; (2) she was never informed of her ranking; (3) statistical evidence that shows a 1 in 2,500 probability that all ten individuals laid off in Dept. 983X would be over the age of forty if such decisions were age neutral; (4) the manager of Dept. 983X had made age discriminatory comments in the past, and a corporate officer had stated "we might as well hire more lawyers because we are going to lay these older folks off ... we can get younger people for less money;" (5) Plaintiff was not offered the position of parts planner or PAGE parts planner and (a) she was as qualified as other younger applicants, (b) a younger employee who ranked below Plaintiff in the 1989 rankings was selected as a

---

**4.** Plaintiff does not dispute that the reduction in force was based on economic conditions.

PAGE parts planner, and (c) virtually all of the parts planners and PAGE parts planners selected were under the age of forty; (6) Defendant had a policy to exclude older workers from designation as "high potential" employees; (7) Defendant's lay-off policy required seniority to be considered in any lay-off decision involving close rankings, and Defendant failed to so consider Plaintiff's seniority; and (8) an older Labor Grade 43 employee was laid off while younger employees ranked below her were retained.

■■■ Given Defendant's written policy that those employees with the lowest rankings were to be considered first for layoff, and the fact that Plaintiff ranked last in the departmental ranking for her labor grade, we conclude that Plaintiff's evidence is insufficient to create a genuine fact dispute as to whether Defendant's reasons for choosing Plaintiff for layoff were pretextual. Plaintiff's evidence of her satisfactory work performance is not probative because in a reduction in force case, "someone has to be let go," *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 235 (4th Cir.1991), including satisfactory employees. Moreover, those employees retained, consistent with Defendant's written policy concerning layoffs, *see supra* note 2, received higher departmental rankings than Plaintiff. *See Gustovich v. AT & T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir.1992) (proof that plaintiffs were satisfactory employees does not suggest discrimination in reduction of force case where performance of retained employees was superior). Likewise, we do not find Plaintiff's allegation that she was never informed of her departmental ranking meaningful. That she was not informed of the ranking does not render the ranking somehow suspect, especially in light of the fact that Plaintiff does not claim that she was unfairly placed last in

the departmental rankings on the basis of age. *See id.* (lowly-ranked employee let go in reduction of force must demonstrate rankings had been tampered with in order to "do in" older workers).[5]

■■■ Plaintiff's statistical evidence concerning layoffs in Dept. 983X also fails to support an inference that age actually played a role in Defendant's decision to lay off Plaintiff.

> [I]n order for statistical evidence to create an inference of discrimination, the statistics must ... eliminate nondiscriminatory explanations for the disparity. In other words, a plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between *comparable* individuals.

*Fallis v. Kerr–McGee Corp.*, 944 F.2d 743, 746 (10th Cir.1991) (emphasis in original). Plaintiff's statistical evidence compares only the ages of employees retained with the ages of those laid off. The statistics make no adjustment for the various performance evaluations and departmental rankings of the employees included in the statistical pool; accordingly, the comparisons involve employees who were not similarly situated. *See Cone*, 14 F.3d at 532 ("Disparate treatment cannot be shown by comparing the application of the policy to employees who are not similarly situated."). Plaintiff's statistical evidence fails to eliminate nondiscriminatory explanations for disparate treatment—*i.e.*, that those laid off had lower performance evaluations and rankings than those retained—and therefore does not permit an inference of pretext.

Plaintiff also points to age discriminatory comments by Dept. 983X Manager France and a corporate officer as evidence that age played a role in her layoff. The first com-

---

5. Plaintiff also claims, without any supporting authority, that pretext can be inferred because the supervisors responsible for deciding that Plaintiff would be laid off were all under the age of forty. We disagree. We attribute little significance to the fact that the supervisors who selected Plaintiff for layoff were under the age of forty, and we are not prepared to presume, without any other evidence, that the supervisors were predisposed to engage in age discrimination by virtue of the fact that they themselves were under the age of forty. *Cf. Pitre v. Western Elec. Co., Inc.*, 843 F.2d 1262, 1272 (10th Cir.1988) (in gender discrimination case, fact that those who made subjective decisions concerning female employees were men is probative in face of other evidence showing that some of the men held discriminatory attitudes and had participated in past discrimination, and record as a whole is replete with incidents of discrimination against women).

ment by France was to Hank Wilmot, the manager of a different department. Wilmot questioned France about France's utilization of Alvin Rea, an employee in France's department, and France responded, "he may know raw material well but he is an old man." The other comment was apparently made in a meeting and was to the effect of, "I've got so many protected people I can't really do my job." The corporate officer had allegedly stated "we might as well hire more lawyers because we are going to lay these older folks and special classes (minorities) off, we can get younger people for less money."

■ "Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions." *Cone*, 14 F.3d at 531. To show such animus, the plaintiff must demonstrate a nexus between the allegedly discriminatory statements and the defendant's decision to terminate her. *Id.* A causal nexus can be shown if the allegedly discriminatory comments were directed at the plaintiff, her position, or the defendant's policy which resulted in the adverse action taken against the plaintiff. *Id.* at 531–32.

■ Plaintiff has not shown a nexus between any of the cited comments and her layoff. Although France had to ultimately approve Spinner's choice of Plaintiff for layoff, no evidence has been presented to show a connection between France's comments and Plaintiff's layoff. As to France's comments to Wilmot that one of the employees in France's department was "an old man," Plaintiff has shown no causal nexus between this statement and herself, her position, or Defendant's lay-off policy. With regard to France's statement that he has so many protected people he couldn't really do his job, Plaintiff has not given enough information for us to understand the context or broaden any inferences of the statement. *See Cone*, 14 F.3d at 531 (isolated statement that "long-term employees have a diminishing return" insufficient to show discriminatory motive where court was given no information as to context of statement). We have no information as to when the statement was made or what topic was being discussed at the time.

Furthermore, the statement can just as easily be interpreted as evidence that France, although grudgingly, sought to comply with anti-discrimination laws.

■ Likewise, Plaintiff has failed to establish a nexus between the statement by the corporate officer about hiring more lawyers and her layoff. Plaintiff presents no evidence the comment was directed at her, her position, or Defendant's policy regarding layoffs. The officer made the statement in the fall of 1989 at a meeting about Labor Grade 50 employees. Plaintiff presents no evidence that this officer had anything to do with her layoff, or that anybody present at the meeting where the statement was made had anything to do with her layoff. Because Plaintiff has failed to demonstrate a connection between the officer's statement and her layoff, the statement is insufficient to show Defendant's proffered reasons for selecting Plaintiff for layoff were pretextual. *See Cone*, 14 F.3d at 531.

Plaintiff also claims pretext can be inferred from the following: (1) Defendant did not interview her for the position of parts planner or PAGE parts planner in early 1990 despite evidence that she was as qualified as other younger applicants, (2) a younger employee who ranked below Plaintiff in the 1989 departmental rankings was selected as a PAGE parts planner, and (3) virtually all of the parts planners and PAGE parts planners selected were under the age of forty. Plaintiff goes to great lengths to establish the significance of these parts planner positions and the fact that Plaintiff was not selected to be interviewed for one of the positions. Despite Plaintiff's effort, we do not see the relevance of this evidence to Plaintiff's layoff.

■■ Evidence that a plaintiff is as qualified as another employee chosen for promotion over him or her does not raise a factual issue as to pretext. *Hooks*, 997 F.2d at 798. Pretext can be inferred, however, from evidence that a plaintiff who was not promoted was more qualified than those employees who were promoted. *See Burdine*, 450 U.S. at 259, 101 S.Ct. at 1096; *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994); *Thornbrough v. Columbus and Green-*

*ville R.R. Co.,* 760 F.2d 633, 647 (5th Cir. 1985). When an employer treats employees of a protected class differently than other employees, "the [employer] does not have to prove why the differential treatment occurred; it is up to the plaintiff to prove why it did occur—and to prove that it was caused by intentional discrimination against a protected class." *Flasher,* 986 F.2d at 1320. For, "[t]he law does not require, nor could it ever realistically require, employers to treat all of their employees all of the time in all matters with absolute, antiseptic, hindsight equality." *EEOC v. Flasher Co.,* 986 F.2d 1312, 1319 (10th Cir.1992).

Plaintiff has not provided any facts from which we can infer that the process whereby parts planners and PAGE parts planners were selected was discriminatory, nor has she established any connection between that selection process and her layoff. Although Plaintiff claims she was qualified for a parts planner position, she has failed to present any evidence that she was more qualified than those who were selected as parts planners. *See Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096 (employer is not required to prefer protected employee over equally qualified employee who is not a member of a protected class). Moreover, the record indicates that at least four of the five selected for the parts planner positions were Labor Grade 43s, outside of Plaintiff's peer group. This evidence tends to show that Defendant's selection of parts planners was based on factors other than age—*i.e.,* the employee's Labor Grade.

As to the PAGE parts planner positions, Plaintiff complains that a younger employee who ranked lower than Plaintiff in the 1989 departmental rankings was chosen over her. Again, Plaintiff has failed to establish that she was more qualified than the lower-ranking younger employee who was selected. *See id.* That Plaintiff ranked above the selected employee in the 1989 departmental rankings does not establish that Plaintiff was more qualified for a PAGE parts planner position than the selected employee. Although departmental rankings played a role in lay-off determinations, Defendant had no policy requiring consideration of rankings in the selection of PAGE parts planners, and there is no indication that Defendant would consider an employee more qualified for a PAGE parts planner position than another employee by virtue of a higher departmental ranking. Furthermore, the lower-ranking younger employee possessed a college degree whereas Plaintiff did not. *See Barnes v. GenCorp Inc.,* 896 F.2d 1457, 1471 (6th Cir.), *cert. denied,* 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990) (employer entitled to rely on superior educational credentials in retaining more qualified younger employee over older employee with more seniority). Under these circumstances, we conclude Plaintiff's evidence that she was qualified for a parts planner position and virtually all of the parts planners and PAGE parts planners selected were under the age of forty fails to establish that Defendant's parts planner selection process was motivated by discriminatory animus. Consequently, this evidence creates no inference that Defendant's proffered reasons for selecting Plaintiff for layoff were pretextual.

Plaintiff contends that pretext can be inferred from evidence that Defendant had a policy to exclude older workers from designation as "high potential" employees. Plaintiff's evidence involves an alleged hidden policy within Space Launch Systems, a subsidiary of Defendant, to only designate employees under the age of forty as "high potential" employees. Plaintiff has failed to show any integration between Space Launch Systems and Defendant that would lead us to attribute Space Launch Systems' alleged hidden policy to Defendant. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993) (holding that parent liable for subsidiary's discrimination only when the two are integrated enterprises). Moreover, even if such integration could be established, Plaintiff's evidence still fails because she has not connected the memos allegedly outlining the hidden policy in any meaningful way to her department or to her layoff. Accordingly, this evidence fails to support an inference of pretext. *See, e.g., Cone,* 14 F.3d at 531 (discriminatory statements are not probative unless linked to relevant personnel action).

■ Plaintiff contends that pretext can be inferred because Defendant failed to follow its own lay-off policy of considering seniority in any lay-off decision involving close rankings. Plaintiff contends that she was "closely" ranked to two younger employees; consequently, Defendant violated its lay-off policy by failing to consider her seniority over the two younger employees and ultimately retaining the two younger employees over her.

We conclude Plaintiff's evidence is insufficient to establish that Defendant failed to follow its lay-off policy in selecting Plaintiff for layoff. Even assuming the rankings were "close," requiring Defendant to consider Plaintiff's seniority, Plaintiff has failed to produce sufficient evidence to affirmatively show that Defendant actually failed to do so. The only evidence Plaintiff has provided is an equivocal statement by one of Plaintiff's supervisors that she did not remember whether Plaintiff's seniority was considered. Moreover, we find no basis for inferring that Defendant failed to consider Plaintiff's seniority because Defendant and the two younger employees ranked just above her—Judith Siegle and Nancy Anderson—were not so evenly matched that the only explanation for them being retained over Plaintiff would be that Defendant failed to consider Plaintiff's seniority. Instead, the evidence showed that Defendant rated both Siegle and Anderson superior to Plaintiff in quality and quantity of work, Siegle superior in job knowledge, and Anderson superior in learning speed. Under these circumstances, we conclude Plaintiff has failed to produce evidence that is "significantly probative as to a[ ] [material] fact claimed to be disputed." *See Branson,* 853 F.2d at 771–72.

■ Finally, Plaintiff contends that pretext may be inferred from the fact that Millie Pittman, a 52 year-old Labor Grade 43 employee in Dept. 983X was laid off while younger Labor Grade 43 employees ranked below her were retained. From this evidence, Plaintiff asserts, "[c]learly [ ] rankings meant one thing for older employees and another thing for younger ones." We disagree.

Although evidence that Pittman was laid off over eight other employees who ranked below her may cast some doubt on Defendant's claim that a departmental ranking was always the primary indicator of who would be laid off, given the totality of the circumstances in this case, we are not prepared to conclude that this evidence created a genuine issue for trial. First, the record is not complete enough for us to conclude that Defendant failed to follow its lay-off policy regarding Pittman. For example, the record does not contain Pittman's or her peers' PAR ratings for 1990; as a result, we have no way of knowing whether the rankings within the Labor Grade 43 group were especially close, requiring Defendant to consider seniority or other factors, in addition to rankings, in determining who would be laid off. *See supra* note 2 (outlining Defendant's lay-off policy). Moreover, although Plaintiff points out that Pittman was selected for layoff over lower-ranking employees who were younger than Pittman, Plaintiff has neglected to note that two lower-ranking employees who retained their jobs were actually older than Pittman. This tends to show that the irregularity involving Pittman was not based on age discrimination, and this evidence also tends to refute Plaintiff's claim that "rankings meant one thing for older employees and another thing for younger ones." *Cf. McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 283, 96 S.Ct. 2574, 2580, 49 L.Ed.2d 493 (1976) (Title VII not violated if employer's procedures similarly applied to members of all races). Finally, although disturbing procedural irregularities can be evidence of pretext, *see Colon–Sanchez v. Marsh,* 733 F.2d 78, 81 (10th Cir.), *cert. denied,* 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984), given the large number of layoffs, and the fact that Plaintiff is able to identify only one instance where Defendant selected an employee for layoff over lower-ranking employees, we conclude Plaintiff has failed to present sufficient evidence to show a "deviation from the procedural norm sufficient to view [Defendant's] reasons for [selecting Plaintiff for layoff] as pretextual." *See Brousard–Norcross v. Augustana College Ass'n,* 935 F.2d 974, 977 (8th Cir.1991) (holding that college's use of spring student evaluations in denying plaintiff tenure even though college's policy was to use

fall evaluations did not create a genuine fact issue as to pretext).

In conclusion, we have considered all of Plaintiff's evidence and have determined that the evidence taken as a whole was insufficient to create a genuine issue of material fact as to whether Defendant's proffered reasons for selecting Plaintiff for layoff were a pretext for discrimination. Accordingly, the district court properly granted summary judgment in favor of Defendant.

AFFIRMED.

## ORDER

The panel filed its opinion in this matter on May 18, 1994, and now has for consideration Plaintiff's petition for rehearing. Based on Plaintiff's representations on page 16 in her opening brief, the panel stated in its opinion that Defendant had not interviewed anyone from Dept. 983X for a parts planner position. In her rehearing petition, however, Plaintiff for the first time correctly cites to testimony in the record indicating the Defendant interviewed one person from Dept. 983X. Although this fact in no way alters the holding, for the sake of factual accuracy the panel has decided to amend its opinion.

Accordingly, the panel withdraws its opinion filed May 18, 1994, and grants rehearing for the limited purpose of amending that opinion by deleting the first two complete sentences on page 14 thereof. The panel files its amended opinion this date and denies Plaintiff's petition for rehearing in all other respects.