36 F.3d 1105
 128 Lab.Cas. P 57,747
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose ARMESTO, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, a Delaware corporation,
Defendant-Appellee.
 No. 93-1405.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and TACHA, Circuit Judges, and ROGERS** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's decision granting defendant summary judgment on plaintiff's claims stemming from defendant's termination of his employment. Plaintiff asserted claims under (1) the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-34, alleging defendant impermissibly terminated his employment because of his age; (2) the Employee Retirement Income Security Act (ERISA), 29 U.S.C. 1001-1461, alleging defendant impermissibly terminated plaintiff's employment in order to interfere with his right to receive long term disability benefits, see 29 U.S.C. 1140; and (3) Colorado law, alleging breach of an express and an implied covenant of good faith and fair dealing.
 
 
 4
 Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 I. ADEA
 
 5
 Plaintiff argues that he met his burden of asserting a prima facie case of age discrimination by establishing that (1) he belonged to the protected class; (2) he was discharged for violating a work rule; and (3) similarly situated younger employees who violated the same or similar rules were treated differently. See McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1260 (10th Cir.1988)(addressing 42 U.S.C.1981 claim alleging race discrimination). Plaintiff further asserts that, after defendant asserted a legitimate, nondiscriminatory reason for his termination--plaintiff's violation of a number of company rules and policies--he was able to submit sufficient evidence upon which a trier of fact could find that defendant's purported reason for firing him was merely a pretext for unlawful age discrimination.
 
 
 6
 The district court concluded that plaintiff had failed to make a sufficient showing of disparate treatment to establish a genuine issue of material fact that would preclude summary judgment. Upon consideration of the record and the parties' appellate arguments, we must agree.
 
 
 7
 The facts, viewed in the light most favorable to plaintiff, indicate the following: In order to address an employee's performance deficiencies, defendant established a program of progressive discipline, see Appellant's App. at 81, to be imposed at the supervisor's discretion, id. at 82. The progressive disciplinary steps included the issuance of a reminder notice. Id. Ordinarily a manager would not issue such a notice "unless the same or similar deficiency has occurred on at least two or more occasions within the last 12 months. However, depending upon the severity of the deficiency, a reminder may be warranted." Id. Reminder notices would be considered inactive after six months, "provided that the employee has corrected the performance issue and no further deficiency of a related nature has been noted through subsequent performance appraisals or reminders." Id. at 83. "Three unsatisfactory performance reviews, three active reminder letters, or a combination of any type of notification (including warning letters) totaling three normally will result in discharge. Reminder letters need not relate to a common deficiency for discharge to occur." Id.
 
 
 8
 Defendant terminated plaintiff's employment after he received three reminder letters in a six-month span of time. He received two reminders for absenteeism, which he does not challenge as unwarranted under defendant's policy. Rather, plaintiff's age discrimination claim centers on the third reminder notice he received, following a series of company rules infractions, all occurring within a two-month period of time. In support of his claim of disparate treatment, plaintiff submits the records of a number of younger employees who also violated company rules, but who were not terminated.
 
 
 9
 While it is not necessary that the employees with whom plaintiff seeks to compare himself have violated the identical rules plaintiff purportedly violated, in order to provide a relevant comparison, those infractions must be of comparable seriousness. See McAlester, 851 F.2d at 1261; see also Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 532 (10th Cir.1994)("Disparate treatment cannot be shown by comparing the application of [a] policy to employees who are not similarly situated."). Therefore, plaintiff's comparison of his situation to the cases of those employees who committed sporadic rules violations is not pertinent. See Rea v. Martin Marietta Corp., No. 93-1101, 1994 WL 271936, at * 4 (10th Cir. June 20, 1994). Rather, plaintiff's only relevant comparison would be with younger employees who had also received three reminder letters within a six-month time span. Of all of the employees to whom plaintiff sought to compare himself, only one employee, Carl Noguchi, fits this bill.
 
 
 10
 Mr. Noguchi received three reminder notices as a result of several "preventable" accidents in a company vehicle. Mr.Noguchi's supervisor chose not to terminate his employment in light of his "past history of maintaining very good performance within all other areas of [his] current job responsibilities," Appellant's App. at 968. In contrast, plaintiff suffered performance deficiencies in a number of performance categories and in greater numbers than did Mr. Noguchi. Plaintiff's reliance solely upon defendant's treatment of Mr. Noguchi is insufficient to establish an age discrimination claim that would survive summary judgment. See Rea, 1994 WL 271936, at * 7 ("[G]iven the large number of layoffs, and the fact that Plaintiff is able to identify only one instance" of disparate treatment, court concluded that plaintiff had "failed to present sufficient evidence to show a 'deviation from the procedural norm sufficient to view [Defendant's] reasons for [selecting Plaintiff for layoff] as pretextual.' ") (quotation omitted)).
 
 
 11
 One other employee, Randy Mielo, appears to have had an employment history that might also have warranted three reminder notices, based upon five customer complaints filed against him in a seven-month time frame. His supervisor, however, chose not to issue any reminder notices, in light of the subjective nature of customer complaints. In addition to the fact that all of Mr. Mielo's performance problems stemmed solely from customer complaints, his case is further distinguishable from plaintiff's situation because Mr. Mielo still had not accumulated the number of performance deficiencies plaintiff had compiled. The district court, therefore, did not err in granting defendant summary judgment on plaintiff's ADEA claim.
 
 II. ERISA Claim
 
 12
 Plaintiff asserts that defendant violated 29 U.S.C. 1140 by terminating his employment in order to prevent him from receiving disability benefits. See generally Phelps v. Field Real Estate Co., 991 F.2d 645, 649 (10th Cir.1993). The district court granted defendant summary judgment on this claim, concluding plaintiff had failed to make a sufficient showing that defendant was aware of the possibility that plaintiff had a claim for long term disability benefits at the time it terminated his employment. On appeal, plaintiff asserts that there remains a genuine issue of material fact concerning this issue.
 
 
 13
 The record, again viewed in the light most favorable to plaintiff, established the following: In his approximately four years of employment with defendant, plaintiff suffered six work-related injuries. On one occasion, plaintiff's senior manager, upon accompanying plaintiff to the hospital, became aware that plaintiff had been diagnosed as suffering from arthritis of the spine. Appellant's App. at 655, 672, 1031, 1168. Yet, following each of these work-related injuries, plaintiff eventually received an unrestricted medical release to return to work. At the time of his return to work from the last injury preceding his dismissal, plaintiff reported to the doctor that, at that time, he was not having much trouble with his back. Id. at 254, 384.
 
 
 14
 Toward the end of his employment, plaintiff had to do some of his work on his knees because, as a result of the pain in his back, he was unable to lift packages. Id. at 628-29, 656, 672. This occurred in full view of other employees and his managers. Id. at 1083-85. Plaintiff admits, however, that he never spoke with any of his supervisors concerning his inability, physically, to perform his job duties. Id. at 1083-85.
 
 
 15
 Following his termination, plaintiff applied for and was awarded Social Security disability benefits, id. at 545, based upon a back condition, diffuse idiopathic skeletal hyperostosis, diagnosed after plaintiff had left defendant's employ, id. at 254-55. In awarding benefits, the Secretary of Health and Human Services determined that plaintiff had been disabled since the date of the termination of his employment. Id. at 545.
 
 
 16
 This evidence is insufficient to create genuinely disputed issues of material fact concerning whether defendant was aware of plaintiff's possible disability claim at the time of his termination and whether that termination decision was motivated, at least in part, by defendant's desire to protect the benefits plan from the cost of plaintiff's disability. See Phelps, 991 F.2d at 649. The district court, therefore, did not err in granting defendant summary judgment on this claim as well.
 
 
 17
 III. Breach of Covenant of Good Faith and Fair Dealing
 
 
 18
 Plaintiff alleged that defendant breached an express and an implied covenant of good faith and fair dealing when defendant, in terminating plaintiff's employment, failed to follow its own procedures as set forth in the personnel manual. See Appellant's App. at 5-6. The district court granted defendant summary judgment on these claims, determining that plaintiff had failed to establish any express or implied promise of defendant to discharge its employees only for cause. On appeal, plaintiff challenges this determination, arguing that the procedures in the personnel manual are binding upon defendant, under a theory of either implied contract or promissory estoppel, and that a genuine issue of fact exists concerning whether defendant failed to abide by the terms of those procedures. Further, plaintiff requests that we certify to the Colorado Supreme Court the issues arising from these claims for breach of an express and an implied covenant of good faith and fair dealing because, among other reasons, it is unsettled whether Colorado law recognizes such claims in the context of an employment relationship.
 
 
 19
 It is unnecessary to the resolution of this appeal, however, for this court to address these issues because, even if plaintiff's claims alleged causes of action cognizable under Colorado law, he has failed to submit any evidence supporting his assertions that defendant failed to abide by its own personnel manual. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988)(appellate court may affirm district court decision based upon grounds supported by record, but upon which district court did not rely).
 
 
 20
 During oral argument before the district court on defendant's summary judgment motion, plaintiff's attorney conceded that defendant provided plaintiff with all the procedures required by the personnel manual, but asserted that defendant, nonetheless, violated the substance of those procedures by discharging plaintiff from his employment without just cause. See Appellant's App. at 1038-46. The personnel manual provided that defendant could terminate an employee who, like plaintiff, received three disciplinary reminders in a six-month period. Id. at 83. Plaintiff does not challenge the first two reminder letters that he received as a result of absenteeism. Rather, he contends that he did not commit the numerous company rules infractions that supported the third and final reminder letter.
 
 
 21
 Although plaintiff argues that there exists a genuine issue of material fact concerning whether he committed the rules violations and performance deficiencies underlying that third reminder letter, he has in fact admitted committing a sufficient number of those infractions to warrant the issuance of a reminder notice pursuant to the terms of the personnel manual. See generally id. at 82 ("Reminders of deficiency are normally not warranted unless the same or similar deficiency has occurred on at least two or more occasions within the last 12 months. However, depending upon the severity of the deficiency, a reminder may be warranted."). Plaintiff admits failing to comply with defendant's pre/post-trip policy, id. at 206 ("I made a mistake"), after three previous such mistakes, id. at 331, 332, 334; violating a Department of Transportation regulation requiring a driver to take a break after working six hours, id. at 202 ("I didn't [take] my lunch, and, yes, it's a violation of the DOT regulations"), following a previous violation, id. at 209-10, 330; failing to update the computer immediately upon making a pickup at two drop boxes, contrary to company policy, id. at 211 ("I forgot to update"); id. at 212 ("So I made a mistake. That's my error."); and failing to search for a missing package at the time the dispatcher requested drivers to do so, id. at 222-27. The supervisor also cited plaintiff for failing to sign off on his Vehicle Update Reports on four separate occasions, although company policy required him to do so. Id. at 336. Plaintiff does not contend that he complied with company policy, but rather submits that he does not remember these infractions. Id. at 216-17. Defendant received a complaint about plaintiff's erratic driving, although plaintiff has no specific recollection of such an incident. Id. at 214. Finally, defendant received three customer complaints concerning plaintiff in this two-month period of time, which plaintiff asserts were unjustified. Even if the personnel manual prevented defendant from terminating plaintiff except for just cause, in light of these undisputed performance deficiencies, this record establishes, as a matter of law, that just cause existed, pursuant to the terms of the personnel manual, to support plaintiff's termination.
 
 
 22
 Plaintiff also argues that defendant breached the provisions in the personnel manual guaranteeing that defendant would treat all employees fairly. Assuming that these provisions, too, were binding upon defendant, plaintiff, as discussed above, failed to submit any evidence tending to support his assertion that defendant treated him inequitably. The district court, therefore, did not err in granting defendant's motion for summary judgment on these state law claims.
 
 
 23
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Because it is unnecessary for us to address the issues plaintiff sought to have certified to the Colorado Supreme Court, his motion for certification is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation