**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELLEN J. MENDELSOHN,

       Plaintiff-Appellant,

v.

SPRINT/UNITED MANAGEMENT
COMPANY,

       Defendant-Appellee.

No. 08-3334
(D.C. No. 2:03-CV-02429-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Ellen J. Mendelsohn brought a disparate-treatment age

discrimination claim against her former employer, Defendant-Appellee

Sprint/United Management Company ("Sprint"), under the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, arising out of her termination

during a company-wide reduction in force ("RIF"). On appeal, Ms. Mendelsohn

challenges the district court's exclusion of the testimony of five other former

Sprint employees who claimed that their supervisors had discriminated against

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

them because of their age.  Exercising jurisdiction under 28 U.S.C. § 1291, we hold that the district court did not abuse its discretion in excluding this evidence, and therefore we **AFFIRM**.

## I.  BACKGROUND

The factual and procedural history of this case is set forth in detail in the decisions of the Supreme Court in *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008), and the United States District Court for the District of Kansas in *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201 (D. Kan. 2008).

Ms. Mendelsohn was a manager in Mobile Financial Services ("MFS") in the Business Development group in the Business Development and Strategy organization ("BDS") in Sprint's PCS wireless division.  The supervisors in Ms. Mendelsohn's chain of command included her direct supervisor, MFS Director James Fee, who reported to BDS Vice President Paul Reddick, who in turn reported to BDS Senior Vice President Bill Blessing.

In 2002, Sprint terminated Ms. Mendelsohn's employment as part of a company-wide RIF.  BDS Senior Vice President Blessing had BDS Vice President Reddick oversee the RIF for the BDS Business Development group.  BDS Vice President Reddick decided which positions to eliminate and which employees to terminate in the RIF, including Ms. Mendelsohn.

Ms. Mendelsohn sued Sprint under the ADEA, alleging disparate treatment based on her age.  In support of her claim, Ms. Mendelsohn sought to introduce

2

the testimony of five other former Sprint employees who claimed that their supervisors had discriminated against them because of their age: Bonnie Hoopes, Yvonne Wood, Sharon Miller, John Borel, and John Hoopes. Three of these witnesses, Ms. Hoopes, Ms. Wood, and Ms. Miller, also alleged hearing Sprint managers make ageist remarks.

Prior to trial, Sprint moved *in limine* to exclude this "other-employee" testimony. In a minute order, the district court granted Sprint's motion and excluded this testimony under Federal Rule of Evidence 401 as irrelevant, and under Federal Rule of Evidence 403 because its probative value was outweighed by the risk of unfair prejudice. The district court's order permitted Ms. Mendelsohn to introduce evidence of discrimination against only those Sprint employees who were "similarly situated to her," defined to "require[] proof that (1) Paul R[e]ddick was the decision-maker in any adverse employment action; and (2) temporal proximity." Aplt. App. at 138 (Dist. Ct. Order, dated Jan. 3, 2005). At trial, the jury returned a defense verdict.

On appeal, a panel of this court reversed and held that the district court abused its discretion in excluding the other-employee testimony. *Mendelsohn v. Sprint/United Mgmt. Co.*, 466 F.3d 1223, 1225 (10th Cir. 2006). We reasoned that "the evidence [that Ms. Mendelsohn] sought to introduce is relevant to Sprint's discriminatory animus toward older workers, and the exclusion of such evidence unfairly inhibited Mendelsohn from presenting her case to the jury." *Id.*

3

at 1226. Accordingly, we remanded for a new trial.[1] *Id.* at 1231.

The Supreme Court vacated this court's judgment, holding that we "erred in concluding that the District Court applied a *per se* rule" excluding the other-employee testimony as irrelevant. *Mendelsohn*, 552 U.S. at 383. The Court held that this court erred in determining relevance and prejudice under Federal Rules of Evidence 401 and 403 in the first instance. *Id.* at 386–87. The Court remanded this case "to have the District Court clarify the basis for its evidentiary ruling under the applicable Rules." *Id.* at 388.

On remand, the district court held that the other-employee testimony was properly excluded pursuant to Federal Rules of Evidence 401 and 403. The district court further held that, to the extent its exclusion of this evidence was in error, such error was harmless. *Mendelsohn*, 587 F. Supp. 2d at 1218–20. Accordingly, the district court denied Ms. Mendelsohn's motion seeking a pre-trial evidentiary hearing, a new trial, and the enforcement of the parties' conditional settlement agreement. *Id.* at 1217 & n.22. Ms. Mendelsohn's instant appeal followed.

---

[1] Judge Tymkovich dissented. Judge Tymkovich believed that the district court did not abuse its discretion in excluding the other-employee testimony and that the majority erred "in holding that testimony from other employees not similarly situated is admissible even where the plaintiff has made no independent showing of a company-wide policy of discrimination." *Id.* at 1231 (Tymkovich, J., dissenting).

4

## II.  DISCUSSION

### A.  *Standard of Review*

We review a district court's decision to admit or exclude evidence under an abuse of discretion standard.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968 (10th Cir. 2001).  "Our deferential review applies both to a trial court's threshold determination of relevance under Rule 401 and to its conclusion under Rule 403 that relevant evidence should nonetheless be excluded due to its tendency to cause jury confusion or unfair prejudice."  *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005).

A district court abuses its discretion "when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Ralston*, 275 F.3d at 968 (quoting *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998)) (internal quotation marks omitted).  We will not disturb the district court's judgment unless we have "a definite and firm conviction that the [district] court has made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Id.* at 968–69 (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)) (internal quotation marks omitted).

### B.  *Relevant Evidence and the ADEA*

Relevant evidence is admissible, while irrelevant evidence is inadmissible. Fed. R. Evid. 402.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action." Fed. R. Evid. 401 advisory committee's note; *accord United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc). Relevance is "determined in the context of the facts and arguments in a particular case, and thus [is] generally not amenable to broad *per se* rules." *Mendelsohn*, 552 U.S. at 387.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *accord, e.g.*, *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009). To succeed on an ADEA disparate-treatment claim, a plaintiff must prove by a preponderance of the evidence that age was the "but-for" cause of the challenged adverse employment action. *Gross*, 129 S. Ct. at 2350–52.

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000). Proof that a defendant's proffered legitimate, nondiscriminatory reason for an adverse employment action "is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination,

6

and it may be quite persuasive." *Id.* at 147. Put another way, "[p]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination." *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517 (1993)) (internal quotation marks omitted). Thus, evidence that makes a defendant's proffered justification more or less likely to be pretextual is relevant evidence. *See* Fed. R. Evid. 401.

"[W]hether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Mendelsohn*, 552 U.S. at 388. For such evidence to be relevant, a plaintiff must establish a nexus between the other-employee testimony and the adverse employment action taken against her: she must show that the other-employee testimony "can logically or reasonably be tied to the adverse employment action" that she suffered. *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1285 (10th Cir. 2003); *accord Curtis v. Okla. City Pub. Schools Bd. of Educ.*, 147 F.3d 1200, 1217 (10th Cir. 1998); *see Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir. 1994) ("[T]he plaintiff must demonstrate a nexus between the allegedly discriminatory statements and the defendant's decision to terminate her."). "[A]necdotal evidence of discrimination should only be admitted if 'the prior incidences of alleged discrimination can somehow be tied to

7

the employment actions disputed in the case at hand.'" *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (quoting *Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999)).

## C.  *The District Court Did Not Abuse Its Discretion*

Ms. Mendelsohn's theory of the case is that "her termination was inconsistent with Sprint's reduction in force criteria, and that Sprint misused the performance evaluations on which it relied in making the reduction in force decisions."  Aplt. Opening Br. at 40 (quoting Aplt. Supp. App. at 1161 (Jury Instruction No. 10, filed Jan. 13, 2005)) (internal quotation marks omitted); Aplt. Reply Br. at 17 (same) (internal quotation marks omitted).  She does not challenge the RIF itself as inherently discriminatory.  *See Mendelsohn*, 587 F. Supp. 2d at 1205; Aplt. Reply Br. at 7.  "While the RIF was company-wide, . . . decisions about which employees would be terminated to implement the RIF were made on a departmental level"; thus, Ms. Mendelsohn needed to show that *her* supervisors intentionally discriminated against her to prevail on her ADEA claim. *Mendelsohn*, 587 F. Supp. 2d at 1205 n.4.  To be relevant, therefore, evidence must make it more or less probable that Ms. Mendelsohn's supervisors terminated her employment because of her age.

On remand, the district court explained that its previous minute order "was not applying a per se rule that evidence from employees of other supervisors is irrelevant in age discrimination cases."  *Mendelsohn*, 587 F. Supp. 2d at 1207.

8

The district court analyzed the facts and the relationship between the evidence and Ms. Mendelsohn's circumstances and theory of the case. The district court considered the "huge" size of the RIF, "the fact that plaintiff had never characterized the RIF as anything but a legitimate cost-cutting measure," and Ms. Mendelsohn's failure to "establish[] a sufficient nexus between the decisions of other managers and the decision-makers in her case." *Id.* at 1209–10. The district court noted that "none of plaintiff's five witnesses worked in BDS or reported to Blessing, Reddick or Fee." *Id.* at 1215; *see id.* at 1218. Similarly, the district court observed that the ageist remarks allegedly heard by Ms. Hoopes, Ms. Wood, and Ms. Miller were made by managers at Sprint who "were not in the same chain of command as plaintiff and did not participate in the decision to terminate plaintiff's employment." *Id.* at 1219.

Ms. Mendelsohn argues that the testimony of the five other former Sprint employees is relevant because "it directly impeaches defendant" and because it "has a 'tendency' to prove pretext, that undermines Sprint's non-discriminatory explanations for choosing Mendelsohn for RIF." Aplt. Opening Br. at 39. We agree with Ms. Mendelsohn that evidence that makes pretext more or less likely is relevant. However, the district court did not abuse its discretion in determining that her proffered other-employee testimony is not such evidence.

The district court concluded that Ms. Mendelsohn "did not show a nexus between the allegedly discriminatory acts and the decision to terminate her

9

employment." 587 F. Supp. 2d at 1218. "Plaintiff did not logically or reasonably tie evidence of how Sprint treated any of the five witnesses to the decision to terminate her own employment." *Id.* at 1215. Nor did Ms. Mendelsohn "demonstrate[] [a] connection between any of the age-derogatory statements and the decision to terminate her employment." *Id.* at 1219; *see id.* at 1215. Because the district court required "evidence regarding other employees . . . to be within a relevant time frame and be 'logically or reasonably' tied to the adverse employment action against plaintiff," *id.* at 1208, it excluded the other-employee testimony. We cannot find that this determination amounts to an abuse of the district court's discretion.[2]

## D. **Spulak v. K Mart Corp.** *Does Not Compel Reversal*

Ms. Mendelsohn, relying on *Spulak v. K Mart Corp.*, 894 F.2d 1150 (10th Cir. 1990), argues that other-employee testimony is relevant even where the other

---

[2] We pause briefly to note the relatively narrow scope of our holding. We conclude merely that the district court did not abuse its discretion in excluding the other-employee testimony. We are not asked whether we would have reached the same conclusion in the first instance, and we express no opinion on this subject. We also note that the district court itself characterized this case as "present[ing] a close question under Rule 401." *Mendelsohn*, 587 F. Supp. 2d at 1208 n.13. Moreover, we reiterate the limited scope of Ms. Mendelsohn's claims. Ms. Mendelsohn asserted only an individual disparate-treatment claim, and did not assert disparate-impact or pattern-or-practice claims. Further, Ms. Mendelsohn challenged not Sprint's RIF itself, but merely the implementation and application of the RIF standards. We express no opinion as to the relevance of other-employee evidence under these other theories of liability that are not before us.

employees do not work in plaintiff's department.  *See* Aplt. Opening Br. at 8,
14–15.  Ms. Mendelsohn emphasizes that in *Spulak*, other employees who worked
at different stores and under different district managers were nevertheless
permitted to testify.  *Id.*

Spulak* does not compel reversal.  The *Spulak* court distinguished between
cases in which the other employees' testimony could and could not "logically or
reasonably be tied to" the adverse employment action.  894 F.2d at 1156 n.2
(quoting *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988)).
*Spulak* then emphasized the nexus between plaintiff and the other employees: they
worked in the same state, left the company around the same time and under
similar circumstances, and the other-employees' manager referred to plaintiff's
departure from the company "when encouraging" one of the employees "to
consider retiring."  *Id.*

Critically, *Spulak* was decided under an abuse of discretion standard of
review.  *See id.* at 1156.  The fact that this court found no abuse of discretion in
*Spulak* does not mean that a district court must always admit other-employee
evidence.  Rather, our holding in *Spulak* merely reflected our determination that
in admitting this evidence, the district court had not "render[ed] an arbitrary,
capricious, whimsical, or manifestly unreasonable judgment." *Ralston*, 275 F.3d
at 968 (quoting *Copier*, 138 F.3d at 838) (internal quotation marks omitted).  The
relevance of evidence is fact-sensitive and must be "determined in the context of

11

the facts and arguments in a particular case." *Mendelsohn*, 552 U.S. at 387.

*Spulak* did not compel the district court to admit the other-employee testimony here, and the district court did not abuse its discretion in excluding this evidence.[3]

### III.  CONCLUSION

For the reasons set forth above, we conclude that the district court did not abuse its discretion in excluding the other-employee testimony.  Accordingly, we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[3]     Because we hold that the district court did not abuse its discretion in excluding the other-employee testimony as irrelevant under Federal Rule of Evidence 401, we need not and do not address the district court's alternative holdings that the probative value of this evidence was outweighed by the danger of unfair prejudice under Rule 403, and that any error in excluding this evidence was harmless.