**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1804**

_____

PATRICK W. BUSH,

              Plaintiff – Appellant,

       v.

ASHTON B. CARTER, Secretary of Defense,

              Defendant – Appellee,

       and

LEON E. PANETTA, Secretary of Defense,

              Defendant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge. (1:12-cv-01483-AJT-IDD)

_____

Submitted: February 27, 2015        Decided: March 16, 2015

_____

Before KING, MOTZ, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lenore C. Garon, LAW OFFICE OF LENORE C. GARON, PLLC, Falls Church, Virginia; Donna Williams Rucker, RUCKER & ASSOCIATES, P.C., Washington, D.C., for Appellant. Dana J. Boente, United States Attorney, Michael A. Rizzotti, Special Assistant United States Attorney, Dennis C. Barghaan, Jr., Assistant United

States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick W. Bush appeals the district court's order granting summary judgment to the Defendant in his racial discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2012). Bush argues that the district court erred in concluding that he had not demonstrated that the Defendant's non-discriminatory reason for failing to select him for an open position was a pretext for racial discrimination in light of procedural irregularities in the selection process and the denial of a training opportunity. Bush also argues that the district court erred in determining that he had not established a prima facie case of failure to provide training because there was no inference of racial discrimination or, in the alternative, that Bush had not established pretext. We affirm.

We review a district court's order granting summary judgment de novo. D.L. ex rel. K.L. v. Baltimore Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment is appropriate only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Seremeth v. Board of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to

the non-moving party.  <u>Bonds v. Leavitt</u>, 629 F.3d 369, 380 (4th Cir. 2011).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986).  An otherwise properly supported summary judgment motion will not be defeated by the existence of some factual dispute, however; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  <u>Id.</u> at 248.  Indeed, to withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial.[*]  Fed. R. Civ. P. 56(a).

We have thoroughly reviewed the record and the parties' briefs in light of the applicable standards and find no reversible error.  Accordingly, we affirm for the reasons stated

---

[*] Bush's contentions that there were inconsistencies and irregularities in the application and selection process were properly discounted by the district court as failing to demonstrate that they were probative of racial discrimination and as insufficient as a matter of law to establish pretext. <u>See</u> <u>Rea v. Martin Marietta Corp.</u>, 29 F.3d 1450, 1459-60 (10th Cir. 1994) (minor procedural inconsistencies are insufficient to demonstrate pretext and do not undercut the fact that the selectee was the best qualified for the position).

by the district court.  Bush v. Hagel, No. 1:12-cv-01483-AJT-IDD (E.D. Va. Jan. 30, 2014).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED