43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Franklin D.B. JACKSON, Plaintiff-Appellant,
v.
Henry G. CISNEROS, Secretary, Department of Housing and
Urban Development, Defendant-Appellee.
 No. 94-1186.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the district court's decision granting the Secretary's motion for summary judgment on plaintiff's claims alleging that he was unlawfully denied a promotion (1) because of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-34; and (2) in retaliation for his having previously filed a discrimination complaint against the Secretary with the Equal Employment Opportunity Commission (EEOC), in violation of Title VII, 42 U.S.C.2000e to 2000e-17.[2]
 
 
 3
 In his complaint, plaintiff did not allege a cause of action based upon race discrimination. Nonetheless, because he later made such allegations to the district court, that court addressed the issue, determining that, even if plaintiff had alleged a cause of action for race discrimination, the Secretary would be entitled to summary judgment on that claim as well. Plaintiff also appeals from that determination.
 
 
 4
 Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews the district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 I. ADEA Cause of Action
 
 5
 The district court determined both that plaintiff had established a prima facie case of age discrimination and that the Secretary had been able to articulate a legitimate, nondiscriminatory reason for selecting an applicant other than plaintiff for the promotion. See generally Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 796-97 (10th Cir.1993)(addressing burden-shifting analysis applicable to claim alleging discriminatory failure to promote).
 
 
 6
 In order to avoid summary judgment at this point in the analysis, plaintiff had to assert specific facts establishing a triable issue as to whether age had been a determinative influence on the Secretary's decision not to promote plaintiff. See Hazen Paper Co. v. Biggins, 113 S.Ct. 1701, 1706 (1993); Rea v. Martin Marietta Corp., 29 F.3d 1450, 1455 (10th Cir.1994). Plaintiff, however, failed to produce any evidence that age was a determinative factor in the promotion decision. His conjecture or speculation alone that age was the underlying reason for the decision not to promote him is an insufficient basis for denying the Secretary summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988). The district court's decision granting the Secretary summary judgment on the ADEA claim, therefore, was appropriate.
 
 II. Title VII Retaliation Cause of Action
 
 7
 In order to establish a prima facie case of unlawful retaliation under Title VII, plaintiff must establish " '(1)protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2)adverse action by the employer contemporaneously or subsequent to the employee's protected activity; and (3)a causal connection between such activity and the employer's action.' " Williams v. Rice, 983 F.2d 177, 181 (10th Cir.1993)(quoting Anderson v. Phillips Petroleum Co., 861 F.2d 631, 634 (10th Cir.1988)). In granting the Secretary summary judgment on this claim, the district court determined that plaintiff had failed to establish the third element of a prima facie case, the causal connection between plaintiff's protected conduct and the Secretary's adverse personnel decision. Upon consideration of the record and the parties' written arguments, we must agree.
 
 
 8
 "The causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982). Plaintiff filed a discrimination complaint against the Secretary with the EEOC six years prior to the denial of his promotion. In light of the lack of any other evidence indicating a retaliatory motive for denying the promotion, any connection between plaintiff's original discrimination complaint and the Secretary's denial of his promotion was too attenuated to establish a triable issue of fact concerning the causal connection. See id. (affirming trial court's determination, after trial to the court, that Title VII plaintiff failed to establish prima facie case of retaliation, "[g]iven the length of time [, three years,] between the filing of charges and the termination").
 
 III. Race Discrimination Cause of Action
 
 9
 Assuming that plaintiff alleged a cause of action based on race discrimination, the district court did not err in granting the Secretary summary judgment on that claim because plaintiff failed to establish a prima facie case. In order to state a prima facie case for unlawful failure to promote because of race, plaintiff must establish that (1)he was a member of a racial minority; (2)he applied and was qualified for the position for which the Secretary sought applicants; (3)despite his qualifications, he was not promoted; and (4) the employer filled the position with an individual who was not a member of the protected group. See, e.g., Luna v. City & County of Denver, 948 F.2d 1144, 1147 (10th Cir.1991). Plaintiff failed to allege a prima facie case because the individual chosen to fill the position was, like plaintiff, a black male.
 
 
 10
 Plaintiff asserts that the Secretary's decision not to promote him was racially discriminatory because it was based upon the fact that plaintiff's wife is white. Because plaintiff failed to assert any specific facts tending to establish that that was the reason for the denial of the promotion, the district court did not err in granting the Secretary summary judgment on the race discrimination claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(in order to survive summary judgment motion, nonmoving party must assert specific facts establishing genuine issue for trial).
 
 
 11
 The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff also alleged that the Secretary's decision not to promote him was contrary to the due process and equal protection guaranteed him under the Fifth Amendment. On appeal, plaintiff does not challenge the district court's decision granting the Secretary summary judgment on that claim. See Appellant's Br. at 3