65 F.3d 838
 150 L.R.R.M. (BNA) 2265, 68 Fair
Empl.Prac.Cas. (BNA) 1160,
66 Empl. Prac. Dec. P 43,747
 Leonard K. HIATT; Robert A. Bagby; Marvin Crabaugh; Gary
W. Boatright; Ronald L. Roberson; Carl D. Houk; Jerrold
B. Hutchings; Duane K. Hinkle; Larry L. Burback; Stephen
J. Miller; Kim R. Hardman; Kenneth R. Covington; Michael
E. Valentine; Gary L. Yanken; Patrick M. Herrley; Mike I.
Carlson; Randall O. Swarthout; Sammy L. Cross; Darrell D.
Miller; Ronald L. Stoddard; James D. Tolle; Larry S.
Clark; Robert T. Epler; Richard W. Cavender; Dale Young;
Robert F. McIntosh; Julian R. Nelson; Walter T. Gronek;
Ronald E. Ostendorf; Ronald R. Johnson; Melvin E. Sayre;
Robert F. Lannon; Gerald T. Dueling; Philip J.
Eberhardt; Roxie L. Jackson; Russell P. Eggers; Ron G.
Van Northwick; Thomas M. McMurtry; Larry R. Mann; Maurice
F. McDonald; Donald A. Raschke; Cleo D. Schroeder;
Kenneth W. McIntosh; Robert A. Podjenski; Gilbert R.
Throm; Donald K. Peters; Robert G. Wenzel; Cecil B.
Miller; Leroy W. Roth; James L. Wells; Charles F. Smartt;
James W. Jenkins; John J. Stamate; Gerry W. Spinden;
David E. Dupree; Donald R. Smith; James P. Manary; Ronald
B. Hunt; Robert E. Williams; Dennis J. Smith; Gary E.
Metcalf; Benny L. Covington; Robert E. Wedgwood; Norman
R. Thomas; Jon L. Stone; Steven L. Brown; John R.
Holloway; Warren H. Bush; Edward W. Berardino, Plaintiffs-Appellants,
v.
UNION PACIFIC RAILROAD COMPANY, a Utah corporation; United
Transportation Union, Defendants-Appellees,
Equal Employment Opportunity Commission; Equal Employment
Advisory Council, Amici Curiae.
Jerome J. SMITH; Michael R. Ramold; Michael X. Kosmicki;
Richard J. McCune; Daniel L. Eastman; Donald E. Looker;
Robert A. Harger; Steven L. Burbach; Donald S. Seghi;
Roland G. Beard; Earl J. Vance; Bruce O. Stafford;
Richard K. Loehning, Jr.; Tracy B. Miller; Gary L. Jones;
Robert M. Hagy; William A. Myers; Gene F. Noonan; Kenneth
J. Puchalski; Robert L. Keenan; Robert F. Garland; David
A. Growe; Michael P. O'Neil; Timothy J. Hoppe; Albert G.
Kelsch; Steven F. Massey; John M. Crawford; Tarrell L.
Newman; Bill G. Hamilton; Verl W. Moore; Charles W. Rohe;
Albert W. Greenwood; Gerald A. Gompert; Gary L.
Katiepolt; Dick C. Jones; Jon Lutz; Charles D. Barnhill;
Larry G. Wright; Thomas W. Schaefer; John C. Rosenstock;
Steven E. Bishop; Roger G. Mazanec; Edward Jay Dietz;
Steve V. Brew; Lavern L. Brown; Donald Masek; Donald
Rosekrans; Robert H. Hall; Jack A. Reighard; Roger E.
Rohrbouck; James Moritz; Harold Jones, Plaintiffs-Appellants,
v.
UNITED TRANSPORTATION UNION; Burlington Northern Railroad
Company, a Delaware corporation, Defendants-Appellees,
Equal Employment Opportunity Commission; Equal Employment
Advisory Council, Amici Curiae.
 Nos. 94-8088, 94-8089.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 8, 1995.
 
 John W. McKendree, Denver, CO (Richard Rideout of Herschler, Freudenthal, Salzburg, Bonds & Rideout, P.C., Cheyenne, WY, with him on the briefs), for plaintiffs-appellants.
 Douglas C. Herbert, Jr., of the Law Offices of Douglas C. Herbert, Washington, DC (Lani Schweiker Shelton of Douglas C. Herbert, Law Office, Washington, DC, and Brenda J. Council of Union Pacific Railroad Company, Omaha, NE, with him on the brief), for defendant-appellee Union Pacific Railroad.
 Kevin C. Brodar, Associate General Counsel, United Transportation Union, Cleveland, OH, for United Transportation Union.
 Lawrence M. Stroik, Burlington Northern Railroad, Fort Worth, TX (John A. Coppede of Sundahl, Powers, Kapp and Martin, Cheyenne, WY, with him on the brief), for defendant-appellee Burlington Northern Railroad Company.
 James R. Neely, Jr., Deputy General Counsel; Gwendolyn Young Reams, Associate General Counsel; Vincent J. Blackwood, Assistant General Counsel; and Paul D. Ramshaw, Attorney, U.S. Equal Employment Opportunity Commission, on the brief for amicus curiae Equal Employment Opportunity Commission.
 Robert E. Williams and Douglas S. McDowell, McGuiness & Williams, Washington, DC, on the brief for amicus curiae Equal Employment Advisory Council.
 Before EBEL and McKAY, Circuit Judges, and COOK,* Senior District Judge.
 McKAY, Circuit Judge.
 
 
 1
 This opinion resolves both Hiatt, et al. v. Union Pacific, et al. and Smith, et al. v. Burlington Northern, et al. The issues raised by the two cases are identical, and the cases were presented together at oral argument. We jointly refer to the plaintiffs in Hiatt and Smith as "Plaintiffs" and, similarly, to the various defendants as "Defendants."
 
 
 2
 The opinion of the district court, see Hiatt v. Union Pac. Co., 859 F.Supp. 1416 (D.Wyo.1994), recounts in full the somewhat extensive background to this case. We offer here only the abridged story. From the advent of the diesel locomotive, the trains of this country were traditionally operated by a crew comprising an engineer, a conductor, and one or two brakemen. The march of progress did not leave this arrangement untouched, however; the virtual elimination of the caboose in recent decades substantially reduced the work historically performed by brakemen. In the early 1980s, the railroads, in an effort to reduce crew sizes to conform to modern needs, ceased to replace retired brakemen. Progress, alas, marched forward somewhat more quickly than did the brakemen, and by the late 1980s
 
 
 3
 the railroads confronted both a daunting surplus of brakemen and a shortage of conductors. It is perhaps not surprising that the efforts of the railroads to negotiate a settlement with the United Transportation Union ("UTU") reached an impasse. In the end, it was necessary for Congress to legislate a solution to the brakeman problem.
 
 
 4
 Public Law No. 102-29, 105 Stat. 169 (1991), in essence, mandated that all brakemen be promoted to conductor unless a Special Board, appointed by the President, should find such action to be demonstrably inequitable or materially erroneous. The Special Board found no fault with the congressional solution, and the brakemen of this country were, after some further negotiations between the railroads and UTU, promoted to conductor.
 
 
 5
 For many older brakemen, however, promotion held, and holds, little allure. Under the seniority system long in place in the railroad industry, brakeman seniority does not carry over when one is promoted to conductor.[1] Thus, a newly promoted conductor begins with no seniority, and takes his or her place at the bottom of the duty roster. This transition from experienced brakeman to junior conductor can be abrupt under the best of circumstances: one loses a great deal of choice over one's work, and must again toil at those duties that no one else desires. Traditionally, the prospect of a second stint of grunt work deterred a significant percentage of qualified brakemen from accepting promotion to conductor, and in fact the majority of the Plaintiffs chose to forego promotion and remain brakemen. Mandatory promotion, within the context of the established seniority system, thus thrust a rather traumatic, and unwanted, mid-life career change upon the Plaintiffs. As brakemen, the Plaintiffs could choose to work whatever runs suited them; as conductors, these same individuals must now take what they can get--at an age when their bodies are less resilient, and their lives more settled, than many younger men who hold greater conductor (but less overall) seniority. Unhappy with their situations, and believing themselves to have suffered because of their ages, the Plaintiffs filed suit under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634. The district court granted the Defendants summary judgment, and the Plaintiffs now appeal.
 
 
 6
 The Plaintiffs herein acknowledge that Public Law No. 102-29, as implemented by the Special Board, required that they be promoted to conductor. They do not here challenge that promotion. Rather, they attack the manner in which the Defendants effected the elimination of the brakeman position. Specifically, the Plaintiffs contend that the Defendants failed to take measures to mitigate the uniquely deleterious impact of promotion upon the lives of older brakemen. The Plaintiffs assert that the Defendants could have preserved the ability of older brakemen to control their work schedules either by dovetailing brakeman seniority with conductor seniority or by otherwise redistributing the workload to spare older brakemen the more arduous tasks. The Plaintiffs claim that the failure of the Defendants to take these (or similar) steps gives rise to both a disparate impact and a disparate treatment claim. We address these claims in turn, reviewing the merits of the Plaintiffs' arguments de novo. We must first, however, resolve two threshold questions of jurisdiction.
 
 
 7
 The Defendants, noting that Public Law No. 102-29 expressly precludes judicial review of the Special Board's findings, argue that the federal courts do not have subject matter jurisdiction to consider this appeal. We think their contentions misplaced. The Plaintiffs, as indicated above, challenge not the preferment authorized by the Special Board but the manner in which the Defendants carried out their statutory duties. We have jurisdiction to determine if the Defendants in performing those duties discriminated unlawfully on the basis of age.
 
 
 8
 The Defendants, in the alternative, argue that this case is in fact a minor dispute subject to mandatory arbitration under the Railway Labor Act. See Hiatt, 859 F.Supp. at 1423-26. We disagree for the reasons given by the district court. See id. at 1425-26. The Supreme Court, in Atchison, Topeka & Santa Fe Railway Co. v. Buell, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), held that the Railway labor Act did not preclude claims of wrongful conduct brought under FELA. See id. at 564-67, 107 S.Ct. at 1414-16. We see no reason to reach a different result here. The Railway Labor Act, standing alone, cannot shield the Defendants from the ADEA. We turn now to the merits of the Plaintiffs' claims.
 
 
 9
 The district court, drawing upon the reasoning of Justice Kennedy's concurrence in Hazen Paper Co. v. Biggins, --- U.S. ----, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (Kennedy, J., concurring), held that a claim of disparate impact was not cognizable under the ADEA. In the interim, the Seventh Circuit, in EEOC v. Francis W. Parker School, 41 F.3d 1073, 1076-78 (7th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2577, 132 L.Ed.2d 828 (1995), seemingly reached the same conclusion.[2] Recognizing that the question is as yet undecided in this circuit, see Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1428 (10th Cir.1993), we expressly decline to resolve it today. We instead affirm on more limited grounds the grant of summary judgment against the allegations of disparate impact.
 
 
 10
 Congress has excluded from the ambit of the statute even prohibited actions that are taken in "observ[ance of] the terms of a bona fide seniority system that is not intended to evade the purposes of [the ADEA]." 29 U.S.C.A. Sec. 623(f)(2) (West Supp.1995). Construing similar language contained in Title VII, see 42 U.S.C. Sec. 2000e-2(h),[3] the Supreme Court has held that challenges to the effects of bona fide seniority systems may not be based upon assertions of disparate impact; rather, a plaintiff must prove intentional discrimination and therefore may claim only disparate treatment. See International Brotherhood of Teamsters v. United States, 431 U.S. 324, 352-56, 97 S.Ct. 1843, 1863-65, 52 L.Ed.2d 396 (1977); see also Pullman-Standard v. Swint, 456 U.S. 273, 276-77, 102 S.Ct. 1781, 1783-84, 72 L.Ed.2d 66 (1982); American Tobacco Co. v. Patterson, 456 U.S. 63, 64-65, 102 S.Ct. 1534, 1535-36, 71 L.Ed.2d 748 (1982); Harvey v. United Transp. Union, 878 F.2d 1235, 1242-43 (10th Cir.1989), cert. denied, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); Firefighters Inc. for Racial Equality v. Bach, 731 F.2d 664, 667-69 (10th Cir.1984).[4] We see no reason to place a different interpretation upon the essentially identical language of Sec. 623(f)(2). We therefore hold that challenges to the routine operation of a bona fide seniority system must rest upon a claim of disparate treatment.
 
 
 11
 The Plaintiffs appear to concede that the seniority system employed by the railroad industry is bona fide as applied to those conductors who chose to accept promotion and forego the benefits of their brakeman seniority. See Aplt.Reply Brief at 17. There is no real question but that this conclusion is correct. The seniority system at issue applies equally to all workers and uses length of service as the primary criterion by which work is allocated, see EEOC ADEA Interpretation, 29 C.F.R. Sec. 1625.8(a) (1994), and it is in all relevant respects comparable to the system approved in Teamsters, cf. 431 U.S. at 355-56, 97 S.Ct. at 1864-65. The Plaintiffs nonetheless contend that the seniority system is not bona fide as applied to them because they must now suffer burdens which have been thrust upon them: different rules have, in effect, been applied to them.
 
 
 12
 While recognizing that this argument holds some facial appeal, we nevertheless must reject it. Throughout this litigation, the Plaintiffs have consistently maintained that they do not contest the impact of Public Law No. 102-29. They therefore cannot challenge their mandatory promotions or, necessarily, their lack of choice in accepting preferment. The Plaintiffs, moreover, admit that they were treated no differently under the seniority system than other newly promoted conductors. In essence, then, the Plaintiffs' argument reduces to the proposition that they should not be subject to the routine operation of the seniority system; rather, it should be modified to accord them favorable treatment.
 
 
 13
 We cannot accept the validity of this conclusion. The ADEA does not require biased decision-making. See EEOC v. Sperry Corp., 852 F.2d 503, 509 (10th Cir.1988) (" '[The ADEA] does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group.' " (citations omitted)).[5] We likewise cannot conclude that the absence of narrowly targeted preferences strips an otherwise bona fide seniority system of its legitimacy. Compare Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 78-82, 83, 97 S.Ct. 2264, 2276, 53 L.Ed.2d 113 (1977) ("TWA was not required by Title VII to carve out a special exception to its seniority system in order to help Hardison to meet his religious obligations."); cf. also California Brewers Ass'n v. Bryant, 444 U.S. 598, 605-07, 100 S.Ct. 814, 818-20, 63 L.Ed.2d 55 (1980) ("[E]very seniority system must include rules that delineate how and when the seniority timeclock begins ticking ... [and] must also have rules that define which passages of time will 'count' towards the accrual of seniority and which will not."). We therefore hold that the Plaintiffs' claims of disparate impact, based as they are upon the operation of a bona fide seniority system, lack an adequate basis in law. The entry of summary judgment against these claims is affirmed.
 
 
 14
 We likewise affirm the district court's decision with respect to the Plaintiffs' allegations of disparate treatment. The district court found that the Plaintiffs "failed to offer any evidence that would permit a rational trier of fact to conclude that the defendants' actions were a pretext for intentional and unlawful discrimination on the basis of age." Hiatt, 859 F.Supp. at 1430. Our independent review of the evidence supports this conclusion. Reading the record in the light most favorable to the Plaintiffs, the Plaintiffs have established only that they were inconvenienced by the obligatory promotion to conductor. The Plaintiffs have adduced no evidence to refute the Defendants' contention that the alleged harm to the Plaintiffs was caused solely by the interaction of the congressional mandate and the established seniority system. Summary judgment was therefore proper. See Rea v. Martin Marietta Corp., 29 F.3d 1450, 1455 (10th Cir.1994) (holding that a plaintiff must "present[ ] specific facts significantly probative to support an inference that [the] proffered justifications were a pretext for discrimination"); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 530 (10th Cir.1994) (same).
 
 
 15
 The judgment of the district court is AFFIRMED.[6]
 
 
 
 *
 Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 [1]
 Brakemen seniority is retained upon promotion to conductor, and in fact continues to accrue as one works as a conductor. The retained seniority is only relevant, however, when a brakeman chooses to bid for one of the very few remaining brakeman duty slots
 
 
 [2]
 We say "seemingly" because Parker stops just shy of expressly holding that disparate impact claims may not be raised under the ADEA. See Parker, 41 F.3d at 1078 (Cudahy, J., dissenting)
 
 
 [3]
 "Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system ... provided that such differences are not the result of an intention to discriminate." 42 U.S.C.A. Sec. 2000e-2(h) (West 1994)
 
 
 [4]
 We note that the disparate impact of a seniority system may nonetheless be evidence of intentional discrimination. See Harvey, 878 F.2d at 1244-45
 
 
 [5]
 The Plaintiffs, in their briefs, appear to confuse the relief available under the ADEA with the factual predicates that give rise to a valid ADEA action. A court may, of course, remedy prior discrimination by modifying a seniority system to give victims greater seniority. See Franks v. Bowman Transp. Co., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). The availability of such relief, however, need not support the proposition that the failure to favor older workers itself violates the act
 
 
 [6]
 Because our resolution to the issues of this case does not turn on the materials giving rise to the Appellees' Motion for Judicial Notice and the corresponding Motion to Strike filed by the Plaintiffs, we DENY the Motion for Judicial Notice and thereby MOOT the Motion to Strike